*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TAMMY FORBES,

    Plaintiff-Appellant,

and

DARIA FORBES,

    Plaintiff,

v

KINDLUND CONSTRUCTION, INC., KELLY
KINDLUND BRAYTON, VICKIE JACKSON, and
ESTATE of ERIC KINDLUND,

    Defendants-Appellees.

UNPUBLISHED
January 15, 2026
10:18 AM

No. 371416
Ingham Circuit Court
LC No. 22-000290-CZ

Before: SWARTZLE, P.J., and GARRETT and WALLACE, JJ.

PER CURIAM.

Plaintiff Tammy Forbes[1] appeals by right the circuit court's order granting summary disposition in favor of defendants, Kindlund Construction, Inc. (KCI), Kelly Kindlund Brayton, Vickie Jackson, and the Estate of Eric Kindlund.[2] We affirm.

## I. FACTS

---

[1] Although both plaintiffs jointly filed the claim of appeal, Daria Forbes was subsequently dismissed as an appellant for failure to pay the filing fee. *Forbes v Kindlund Constr, Inc*, unpublished order of the Court of Appeals, entered November 20, 2024 (Docket No. 371416).

[2] Eric Kindlund was a defendant in the lawsuit, but he passed away during the proceedings.

KCI, through its owner, Eric Kindlund, leased a unit of an East Lansing duplex to Tammy and her daughter, plaintiff Daria Forbes. KCI ultimately filed an eviction proceeding against plaintiffs in the district court, and plaintiffs filed a counterclaim, alleging numerous violations of housing, landlord-tenant, and consumer-protection laws. After the district court entered possession and monetary judgments against plaintiffs, the court transferred the counterclaims to the circuit court,[3] which granted defendants' motion for a more definite statement. Plaintiffs then filed a countercomplaint alleging claims against KCI, Kindlund, Brayton, and Jackson. Specifically, plaintiffs alleged negligence against all defendants; "ownership liability" against KCI; loss of consortium against Kindlund, Brayton, and Jackson;[4] quid-pro-quo sexual harassment and hostile housing environment against KCI and Kindlund; and negligent infliction of emotional distress against Kindlund, Brayton, and Jackson.

Defendants moved for summary disposition under MCR 2.116(C)(8) and (C)(10). At the hearing on the motion, the circuit court repeatedly asked plaintiffs to identify the evidence on which they relied in response to defendants' arguments. Although plaintiffs attached several documents to their response in opposition to defendants' motion, they were unable to identify any evidence that supported their claims. The circuit court granted defendants' motion on the basis that plaintiffs failed to submit documentary evidence that created a genuine issue of material fact regarding their claims. This appeal followed.

## II. STANDARD OF REVIEW

"We review de novo a trial court's ruling on a motion for summary disposition." *Anderson v Transdev Servs, Inc*, 341 Mich App 501, 506; 991 NW2d 230 (2022). Although defendants moved for summary disposition under MCR 2.116(C)(8) and (C)(10), the trial court decided the motion under subrule (C)(10), which "tests the factual support for a party's action." *Id*. When a defendant moves for summary disposition under subrule (C)(10) and supports its arguments with documentary evidence, the " 'adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial.' " *Id*., citing MCR 2.116(G)(4). Summary disposition under subrule (C)(10) is properly granted "if the pleadings, affidavits, and other documentary evidence, when viewed in a light most favorable to the nonmovant, show that there is no genuine issue with respect to any material fact," and the moving party is entitled to judgment as a matter of law. *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013).

## III. GARAGE-DOOR INCIDENT

---

[3] Plaintiffs also appealed the district court's judgment of possession to the circuit court, but the circuit court determined that the appeal was moot because plaintiffs had moved out of the rental unit. That determination is not at issue in this appeal.

[4] Crin Forbes, Tammy's husband and Daria's father, passed away while Crin, Tammy, and Daria lived in the duplex.

Tammy first argues that the circuit court erred by determining that she failed to establish a genuine issue of material fact regarding her left shoulder injury. She asserts that she sustained an injury to her left shoulder when Kindlund dropped a garage door on her shoulder while attempting to repair the garage door. Although plaintiffs' complaint does not reference an incident involving a garage door, we note that an injury caused by a dropped garage door could, possibly, support a negligence claim.[5] The trial court properly determined, however, that Tammy failed to provide any documentary evidence supporting her claim.[6]

In response to defendants' motion for summary disposition, plaintiffs cited and attached text messages between Kindlund and Tammy. In the text messages, Tammy asserted that she did not feel well on the day Kindlund attempted to fix the garage door, she needed to go to the hospital, and she was diagnosed with a left rotator-cuff injury. Tammy did not mention a garage door, let alone indicate that Kindlund dropped a garage door on her, nor did she suggest that Kindlund caused her rotator-cuff injury.

Plaintiffs also attached medical records of Tammy's March 2023 MRI of both of her shoulders, indicating that rotator-cuff disorder was suspected regarding both shoulders. The records also stated "unspecified chronicity" regarding Tammy's left shoulder injury rather than indicating that Tammy's pain began when a garage door was dropped on her. During oral argument on defendants' motion, the trial court asked plaintiffs whether they had medical records indicating that Tammy's left shoulder injury was causally connected to Kindlund dropping a garage door on her shoulder, but plaintiffs were unable to identify any such evidence.

Because plaintiffs failed to respond to defendants' motion for summary disposition with documentary evidence supporting Tammy's claim that Kindlund caused her left shoulder injury when he dropped a garage door on her shoulder, the trial court properly granted defendants' motion under MCR 2.116(C)(10).

IV. MCL 500.3135

Next, Tammy argues that the circuit court erred when it stated that the concept of a "threshold injury" under MCL 500.3135 is inapplicable in this case. At the hearing on defendants' motion, the court stated, "[W]hen you start talking about threshold injuries, you're talking about

---

[5] "To establish a prima facie case of negligence, a plaintiff must prove the following elements: (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011).

[6] Because Tammy has attached exhibits to her brief on appeal that were not included as exhibits in the trial court, we limit our analysis to the record properly before this Court. "This Court's review is limited to the record established by the trial court, and a party may not expand the record on appeal." *In re Rudell Estate*, 286 Mich App 391, 405; 780 NW2d 884 (2009) (quotation marks and citation omitted).

no-fault liability. . . . [T]hat is a no-fault concept. That is not a legal concept under premises liability, or the causes of action that you appear to be bringing with respect to the property that you were living in." Tammy maintains that the court was incorrect and that the statute applies in this case.

Tammy relies on the preamble, or title,[7] of the Michigan Insurance Code of 1956, MCL 500.100 *et seq*., in support of her argument that MCL 500.3135 is applicable. The title recites myriad insurance topics, and states that the Insurance Code "provide[s] for the continued availability and affordability of automobile insurance and homeowners insurance in this state and to facilitate the purchase of that insurance by all residents of this state at fair and reasonable rates." 1956 PA 218, as amended by 2002 PA 304. Relying on the reference to "homeowners insurance," Tammy argues that the "serious impairment of body function" standard set forth MCL 500.3135 applies with respect to her injuries.

The preamble or title of an act is not a part of the act "and cannot enlarge or confer powers, nor control the words of the act, unless they are doubtful or ambiguous." *Nat'l Pride at Work, Inc v Governor*, 481 Mich 56, 79 n 20; 748 NW2d 524 (2008) (quotation marks and citation omitted). Although the preamble may aid in understanding a provision generally, if a provision is unambiguous, the language of the preamble does not control its meaning. *Id*. MCL 500.3135(1) provides that "[a] person remains subject to tort liability for noneconomic loss *caused by his or her ownership, maintenance, or use of a motor vehicle* only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement." (Emphasis added.) Because the statutory language plainly limits MCL 500.3135 to injuries caused by the ownership, maintenance, or use of a motor vehicle, the trial court properly determined that it is inapplicable in this case.

Affirmed.

/s/ Brock A. Swartzle
/s/ Kristina Robinson Garrett
/s/ Randy J. Wallace

---

[7] The preamble of a statute is more accurately referenced as the title of the statute. *Warren City Council v Buffa*, 346 Mich App 528, 546 n 10; 12 NW3d 681 (2023).